C. Andrew Head (*pro hac vice application to be filed*)
Bethany A. Hilbert (*pro hac vice application to be filed*)
**HEAD LAW FIRM, LLC**
4422 N Ravenswood Ave
Chicago, IL 60640
phone:  (404) 924-4151
facsimile:  (404) 796-7338
ahead@headlawfirm.com
bhilbert@headlawfirm.com

Jason C. Marsili (SBN 233980)
Brianna Primozic Rapp (SBN 274397)
**ROSEN MARSILI RAPP LLP**
3600 Wilshire Boulevard, Suite 1800
Los Angeles, CA  90010-1800
phone:  (213) 389-6050
facsimile:  (213) 389-0663
jmarsili@rmrllp.com
bprimozic@rmrllp.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DION MARTIN, an individual, on behalf of himself and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TOAST, INC., a Delaware Corporation,<br><br>    Defendant. | ) CASE NO.<br>)<br>) **COLLECTIVE AND CLASS**<br>) **ACTION COMPLAINT**<br>)<br>) (Jury Trial Demanded)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Dion Martin ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby brings suit against Defendant Toast, Inc. (herein "Defendant"), alleging as follows:

**PRELIMINARY STATEMENT**

1.     This action seeks to recover unpaid overtime wages and all allowable damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiff individually, and as a collective action (the "Collective Action") for Plaintiff and all current or former salary paid Field Implementation Engineers (each a "FIE" and collectively "FIEs") company-wide who worked more than 40 hours in any workweek, for which they were internally classified and paid by Defendant as "exempt" from the overtime laws within the period beginning three years preceding the filing date of this Complaint and ending on the date Defendant internally reclassified the FIE position to non-exempt and began paying overtime compensation beginning approximately December 2016 (the "FLSA relevant period"), who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA (each a "Collective Member" and collectively "Collective Members").

2.     Plaintiff also brings this action against the Defendant, individually and under Fed. R. Civ. P. 23 on behalf of a class of all current or former FIEs who performed work within the state of California and who were not paid or provided all of the benefits required under the California Labor Code and applicable wage orders, within the period beginning four years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "California Class Period"), which class of persons is hereinafter referred to as the "California Class."

**JURISDICTION & VENUE**

3.     This Court has jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's California state law claims under the California Labor Code,

applicable IWC Wage Order, and the California Business & Professions Code, because his state law claims and the federal claims derive from a common nucleus of operative fact and form part of the same case or controversy.

5.    Venue is proper in the Western Division of this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Plaintiff's claim herein occurred in the Western Division of this judicial district. Plaintiff labored for Defendant within this District and received wage payments from Defendant within this District.

## THE PARTIES

6.    Plaintiff is, and at all times relevant hereto, was a resident of Gardena, California, which is within Los Angeles County, California.

7.    Plaintiff worked as a FIE for Defendant in Los Angeles, California from 2015 until approximately November 2016 (Plaintiff's "period of FIE employment").

8.    According to its corporate filing with the California Secretary of State, Defendant is a corporation organized and existing under the laws of the state of Delaware and may be served with process on its registered agent in California at Incorp Services, Inc., 5716 Corsa Ave., Suite 110, Westlake Village, CA 91362. Defendant's principal place of business is located at 401 Park Dr., Suite 801, Boston, Massachusetts, 02215.

9.    Defendant provides point of sale (POS) and restaurant management software and hardware products to restaurants nationwide.

10.    Plaintiff's and the FIE's job duties involved installing Defendant's products at client sites and providing technical support on Defendant's products.

11.    Plaintiff frequently worked over 40 hours in a workweek during his period of FIE employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the FLSA relevant period and the California Class Period that did not contain overtime premiums.

## COLLECTIVE AND CLASS ACTION COMPLAINT

12.    Plaintiff frequently worked over eight (8) hours in a workday during his period of FIE employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the relevant California Class Period that did not reflect overtime compensation.

13.    At all material times, Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1) and the statutes at issue in the California claims.

14.    Defendant was an enterprise engaged in commerce that had annual gross sales of at least $500,000 during each calendar year of the periods alleged in this Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by Defendant as salary-paid FIEs at any time during the FLSA relevant period (the "Collective Members").

16.    Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the Collective Members.

17.    There are many similarly situated current and former Collective Members who have not been paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it; thus, notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

18.    The similarly situated Collective Members are known to Defendant, are readily-identifiable, and can be located through Defendant's records.

## CALIFORNIA CLASS ACTION ALLEGATIONS

19.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings the Second, Third, and Fourth Claims for Relief on behalf of himself and all individuals who were employed by Defendant as Field Implementation Engineers ("FIEs") in California or who were employed by Defendant and performed work for

Defendant as FIEs within California (collectively "California Work"), at any time during the period beginning four years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "California Class").

20.    Excluded from the California Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

21.    The persons in the California Class identified above are so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that Defendant has employed at least 40 persons who satisfy the definition of the California Class.

22.    There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

a.    whether Defendant unlawfully failed to pay the California Class all overtime compensation owed for California Work, in violation of the California Labor Code and the applicable Wage Order, Cal. Labor Code §§ 226, 510, 1174, 1174.5, and 1194; Cal. Wage Order No. 4-2001; and the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200 et seq.;

b.    whether Plaintiff and the California Class members are nonexempt employees entitled to overtime compensation for California Work in accordance with the overtime pay requirements of California law;

c.    whether Defendant's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and Defendant's policy and practice of failing to pay overtime for California Work to the California Class members violate applicable provisions of California law,

**COLLECTIVE AND CLASS ACTION COMPLAINT**

including applicable statutory and regulatory authority;

d.      whether Defendant's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law for California Work and Defendant's policy and practice of failing to pay overtime to the California Class members for California Work violate applicable provisions of California law, including applicable statutory and regulatory authority;

e.      whether Defendants have unlawfully failed to pay the California Class all compensation owed and due to the California Class members upon separation of employment, in violation of California Labor Code §§ 201-203; and

f.      the nature and extent of California Class members' injuries and the appropriate measure of damages for California Class members.

23.    Plaintiff's claims are typical of the claims of the California Class he seeks to represent.  Plaintiff and the California Class worked or work for Defendant as FIEs in California and have been subjected to Defendant's policy and pattern or practice of failing to pay overtime wages for California Work hours worked in excess of 40 hours per workweek and/or eight (8) hours per workday.

24.    Plaintiff will fairly and adequately represent and protect the interests of the California Class.  Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the California Class members to represent their interests fairly and adequately.  Plaintiff recognizes that as the class representative, he must represent and consider the interests of the California Class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the California Class.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class.  Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any

relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

25.     Plaintiff has retained counsel competent and experienced in complex class action employment litigation at the state and national level.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The California Class members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the California Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

27.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

28.     Defendant employed Plaintiff and the Collective Members as FIEs during the FLSA relevant period and, as to Plaintiff and the California Class, during the California Class Period.

29.     Defendant maintained control, oversight, and discretion over its operations, including its employment practices with respect to the Collective Members and the California Class.

30.     Plaintiff's, the Collective Members', and the California Class's work was performed in the normal course of Defendant's business and was integrated into it.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

31.     Consistent with the Defendant's policy, pattern and/or practice, Plaintiff, the Collective Members, and the California Class worked in excess of 40 hours per workweek (and/or, for Plaintiff and the California Class, eight (8) hours per workday), but Plaintiff, the Collective Members, and the California Class did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as FIEs in excess of 40 in those workweeks, or (for Plaintiff and the California Class) for California Work days worked in excess of eight (8) hours during the applicable relevant periods.

32.     Plaintiff regularly worked more than 50 hours in a workweek, but did not receive overtime premiums for those weeks.  For example, during the work week near the end of his employment that included Plaintiff's installation of Defendant's products at Alimento Restaurant in 1710 Silver Lake Blvd, Los Angeles, CA, 90026, which dates and records are exclusively in Defendant's possession, custody or control; Plaintiff estimates that he worked between 45 and 48 hours for that work week, but did not receive any overtime premium pay for that week or for any day worked therein.

33.     Consistent with the Defendant's policy, pattern and/or practice, Plaintiff and the California Class frequently performed California Work in excess of eight (8) hours in a work day, but did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as FIEs in excess of eight (8) hours in those work days.

34.     For example, during the work week that included Plaintiff's installation of Defendant's products at Broderick Roadhouse located at 1548 Bonanza Street, Walnut Creek, CA 94596, which dates and records are exclusively in Defendant's possession, custody or control, Plaintiff worked more than 40 hours for that work week and more than eight (8) hours in one or more days on that job, but did not receive any overtime premium pay for that week.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

35.    The work that the Plaintiff, the Collective Members, and the California Class performed was assigned by Defendant and/or Defendant was aware of the work that they have performed.

36.    The work that Plaintiff, the Collective Members, and the California Class performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

37.    The work that Plaintiff, the Collective Members, and the California Class performed as part of their primary duty did not include:

     a.    hiring Defendant's employees;

     b.    firing Defendant's employees;

     c.    disciplining Defendant's employees;

     d.    scheduling Defendant's employees;

     e.    supervising and delegating Defendant's employees; or

     f.    exercising meaningful independent judgment and discretion in matters of significance.

38.    Plaintiff's, the Collective Members', and the California Class's primary duties were often manual in nature and were not performed in an office.

39.    The performance of manual installation and implementation duties in the field occupied the majority of Plaintiff's, the Collective Members', and the California Class's working hours.

40.    Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant internally classified, and paid, all of its FIE positions, including Plaintiff's position, as exempt from applicable federal and state overtime laws, until approximately December 2016.

41.    Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant internally reclassified, and paid, all of its FIE positions, including the position previously worked by Plaintiff, as non-exempt from applicable federal and state overtime laws in or about approximately December 2016.

42.     Upon information and belief, Defendant did not perform a person-by-person analysis of the FIEs' job duties when making the original decision to classify the FIEs as exempt from the overtime provisions of the FLSA or California law that was in effect at the start of the California Class period.

43.     Upon information and belief, Defendant did not perform a person-by-person analysis of the FIEs' job duties when making the decision to reclassify the FIEs as non-exempt from the overtime provisions of the FLSA or California law effective in or about approximately December 2016.

44.     Defendant's conduct alleged herein was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to its FIEs.  Defendant knew that FIEs were not performing work that plainly and unmistakably complied with any FLSA or California law exemption and it acted willfully or recklessly in failing to classify Plaintiff in his FIE position and other FIEs as non-exempt employees.

45.     During the relevant periods, Defendant was aware or should have been aware, through its management-level employees, that Plaintiff in his FIE position and other FIEs were primarily performing non-exempt duties.

46.     During the relevant periods, Defendant was aware that Plaintiff and one or more FIEs worked in excess of 40 hours per workweek on one or more occasion.

47.     During the relevant periods, Defendant was aware that Plaintiff and one or more FIEs performed California Work in excess of 40 hours per workweek on one or more occasion.

48.     During the relevant periods, Defendant was aware that Plaintiff and one or more FIEs performed California Work in excess of eight (8) hours in a work day on one or more occasion.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

49.     During the relevant periods, Defendant was aware that when Plaintiff and any FIE worked in excess of 40 hours per workweek, Plaintiff and each such FIE did not receive overtime pay under the FLSA on the regular pay dates for those workweeks.

50.     During the relevant periods, Defendant was aware that when Plaintiff and any California Class member FIE performed California Work in excess of eight (8) hours per work day, Plaintiff and each such FIE did not receive overtime pay under California law on the regular pay dates for those workweeks.

51.     During the relevant periods, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay Plaintiff and the Collective Members primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

52.     Defendant's unlawful conduct was therefore willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to FIEs.

53.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the Collective Members.  This policy and pattern or practice includes but it is not limited to:

       a.     willfully misclassifying Plaintiff and the Collective Members as exempt from the requirements of the FLSA;

       b.     willfully failing to pay Plaintiff and the Collective Members overtime wages for hours that they worked in excess of 40 hours per week; and

       c.     requiring Plaintiff and the Collective Members to perform non-exempt tasks as their primary duties.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## **FIRST CLAIM FOR RELIEF**
Unpaid Overtime Compensation under the Fair Labor Standard Act
(*On Behalf of Plaintiff and the FLSA Collective*)

54.     Plaintiff, and the Collective Members, reallege and incorporate by reference paragraphs 6 through 53, inclusive, as though fully set forth herein.

55.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     Defendant is subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

57.     At all relevant times, Defendant employed Plaintiff, and employed or continues to employ each of the Collective Members, within the meaning of the FLSA.

58.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

59.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consent filed contemporaneously herewith.

60.     The overtime wage provisions set forth in 29 U.S.C. § 201 et seq., apply to Defendant.

61.     During the relevant period and continuing to the present time, Defendant had a policy and practice of not paying overtime premiums to Plaintiff and the Collective Members for hours worked in excess of 40 hours per workweek.

62.     As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

63.     Due to Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Members were manual installation and implementation labor (not in an office) and included other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff' and the Collective Members' job duties to ensure that they were performing exempt job duties as their primary duties, and Defendant's knowledge that Plaintiff and the Collective Members worked overtime hours without receiving overtime compensation, Defendant knew and/or showed reckless disregard that their conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

64.     As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Members, is entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

65.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## SECOND CLAIM FOR RELIEF
Failure to Pay Overtime Compensation under California Law
(*On Behalf of Plaintiff and the California Class*)

66.     Plaintiff, and the California Class Members, reallege and incorporate by reference paragraphs 6 through 53, inclusive, as though fully set forth herein.

67.     At all times relevant to this action, Plaintiff and the California Class performing California Work were employed by (or performing covered work for) Defendant within the meaning of the California Labor Code and applicable Wage Order and performed California Work for Defendant during one or more work weeks that was covered by the California Labor Code, including but not limited to performing installations and implementations at customer sites within the State of

**COLLECTIVE AND CLASS ACTION COMPLAINT**

California.

68.     During the relevant California Class period, Plaintiff was never paid an annual salary of at least $85,981.40, a monthly salary of at least $7,165.12, or an hourly rate of at least $41.27.

69.     During the relevant California Class period, the FIEs who performed work within the State of California were never paid an annual salary of at least $85,981.40, a monthly salary of at least $7,165.12, or an hourly rate of at least $41.27.

70.     The California Labor Code and applicable IWC Wage Order requires employers, such as Defendant, to pay overtime compensation to all covered non-exempt employees.

71.     Plaintiff and the California Class were non-exempt employees entitled to be paid proper overtime compensation for all hours worked for California Work.

72.     During the relevant statutory period, Plaintiff and the California Class performed California Work in excess of eight (8) hours in a work day and/or 40 hours in a work week for Defendant.

73.     During the relevant California Class period, Defendant failed and refused to pay Plaintiff and the California Class proper overtime compensation for overtime hours worked for California Work.

74.     Defendant had a policy and practice of failing and refusing to pay proper overtime pay for California Work to Plaintiff and the California Class for their hours worked.

75.     By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510, 1194, and applicable IWC Wage Order (for Plaintiff and the California Class).  Defendant's violation of these laws was willful.  Plaintiff and the California Class members who did not receive the overtime wages referenced in this paragraph within the Relevant Time Period for work covered by applicable California law shall constitute the "California Overtime Subclass."

**COLLECTIVE AND CLASS ACTION COMPLAINT**

76.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
Failure to Pay All Wages upon Separation
of Employment under California Law
(*On Behalf of Plaintiff and the California Class*)

77.     Plaintiff, and the California Class Members, reallege and incorporate by reference paragraphs 6 through 53, and 66 through 76, inclusive, as though fully set forth herein.

78.     California Labor Code §§ 201 and 202 require Defendant to pay covered employees all wages due upon separation of employment within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

79.     At all times during the California Class Period, and, upon information and belief as to the California Class continuing until today, Plaintiff and the California Class who were terminated or separated from their employment from Defendant during the California Class Period were not timely paid all wages due for California Work as required by Labor Code § 203.  Defendant's violation of this law was willful.  Plaintiff and the California Class members who did not receive these wages due referenced in this paragraph within the California Class Period for work covered by applicable California law shall constitute the "California Separation Wages Subclass."

80.     As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, Plaintiff and the California Class are entitled to

1  up to thirty days' wages under Labor Code § 203, together with interest thereon, and

2  attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
Unfair Competition under California Law
(*On Behalf of Plaintiff and the California Class*)

6   81.   Plaintiff, and the California Class Members, reallege and incorporate by

7  reference paragraphs 6 through 80, inclusive, as though fully set forth herein.

8   82.   The foregoing conduct, as alleged, violates the California Unfair

9  Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., which

10  prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair

11  business acts or practices.

12   83.   Beginning at a date unknown to Plaintiff, but at least as long ago as the

13  year 2015, Defendant committed acts of unfair competition, as defined by the UCL,

14  by, among other things, engaging in the acts and practices described herein.

15  Defendant's conduct as herein alleged has injured Plaintiff and the California Class

16  by wrongfully denying them earned wages, and therefore was substantially injurious

17  to Plaintiff and the California Class.

18   84.   Defendant engaged in unfair competition in violation of the UCL by

19  violating, inter alia, each of the following laws.  Each of these violations constitutes

20  an independent and separate violation of the UCL:

21       a.   Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

22       b.   California Labor Code §§ 510 & 1194

23       c.   IWC Wage Order No. 4-2001

24   85.   Defendant's course of conduct, acts, and practices in violation of the

25  California laws mentioned in the above paragraph constitute a separate and

26  independent violation of the UCL.  Defendant's conduct described herein violates

27  the policy or spirit of such laws or otherwise significantly threatens or harms

28  competition.

86.     The harm to Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

87.     Pursuant to Business and Professions Code § 17200 et seq., Plaintiff and the California Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein for California Work that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks entry of a judgment against Defendant finding liability under the FLSA (and for Plaintiff and the California Class, under California state law), and entering the following relief on behalf of himself and all others similarly-situated:

1.     Designation of this action as an FLSA collective action on behalf of the Collective Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2.     Certification of the California Class claims as a class action under Fed. R. Civ. P. 23, and an award of all allowable California Class damages and recovery;

3.     Designation of the Plaintiff as Class Representative of the California Class;

4.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

5.     An award of unpaid wages under the FLSA and the California statutes at issue in the Class Action for all hours worked as salary-paid LFEs in excess of 40

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1   in a workweek (and for Plaintiff and the California Class, in excess of 8 in a

2   workday) at a rate of one and one-half times the regular rate of pay;

3        6.      Equitable tolling of the FLSA statute of limitations;

4        7.      An award of liquidated damages as a result of Defendants' willful

5   failure to pay for all hours worked in excess of 40 in a workweek at a rate of time

6   and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

7        8.      An award of waiting time penalties under California law;

8        9.      An award of all allowable interest, including pre-judgment and post-

9   judgment interest, as provided by law;

10       10.     An award of costs and expenses of this action together with reasonable

11  attorney's fees and an award of a service payment to the Plaintiff; and

12       11.     Such other and further relief as this Court deems just and proper.

13

14                                          **HEAD LAW FIRM, LLC**

15
    DATED: June 13, 2018

16                              By:     _____/s/_____

17                                      C. ANDREW HEAD
                                        BETHANY A. HILBERT
18                                      Attorneys for Plaintiff

19

20                                          **ROSEN MARSLI RAPP LLP**

21  DATED: June 13, 2018

22                              By:     _____/s/_____

23                                      JASON C. MARSILI
                                        BRIANNA PRIMOZIC RAPP
24                                      Attorneys for Plaintiff

25

26

27

28

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Class and Collective Action Complaint.


**HEAD LAW FIRM, LLC**

DATED: June 13, 2018

By:     _____/s/_____
BETHANY A. HILBERT
C. ANDREW HEAD
Attorneys for Plaintiff


**ROSEN MARSLI RAPP LLP**

DATED: June 13, 2018

By:     _____/s/_____
JASON C. MARSILI
BRIANNA PRIMOZIC RAPP
Attorneys for Plaintiff

---
18
**COLLECTIVE AND CLASS ACTION COMPLAINT**