# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DION MARTIN, an individual, on behalf of himself and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TOAST, INC., a Delaware Corporation,<br><br>　　　　Defendant. | CASE NO. CV 18−5248 DSF (SKx)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING FINAL JUDGMENT** |

On June 24, 2019, a hearing was held on the motion of Plaintiff Dion Martin for final approval of the class settlement, and on the separate motions of Plaintiff and their counsel for awards of the Class Representative Service Payment and Class Counsel's Attorneys' Fees and Costs Payment. Jason C. Marsili appeared on behalf of Plaintiff and the putative class members. James C. Rehnquist appeared on behalf of Defendant Toast, Inc. Plaintiff's counsel provided additional information as required by the Court.

The Parties have submitted their Stipulation of Class and Collective Action Settlement and Release (the Settlement), which this Court preliminarily approved in its February 28, 2019 order (the Preliminary Approval Order). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to submit a claim form, comment on or object to the Settlement, and/or opt out of its provisions. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (CAFA), Toast has given the Acting Attorney General of the United States and the appropriate state officials in the states in which the Class Members reside timely notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court at the final approval hearing on June 24, 2019, by means of this order (the Final Approval Order) the Court grants final approval of the Settlement, and orders and makes determinations as follows:

**Definitions**

1. Except as otherwise specified, the Court adopts all defined terms set forth in the Settlement for purposes of this Final Approval Order.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement, and personal jurisdiction over Toast and all Class Members.

1. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).

3. This Court also has supplemental jurisdiction over all state-law claims asserted by Plaintiff because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

4. This Court also has jurisdiction to approve the Settlement's release of claims by Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims.

**Dissemination of Notice to Class Members**

5. Pursuant to the Preliminary Approval Order, the notice documents were sent to each Class Member by email and by first-class mail. The notice was clear and organized, following the model forms provided by the Federal Judicial Center at www.fjc.gov. The notice materials informed Class Members of the terms of the Settlement, how their settlement share would be calculated, how to receive their settlement share, their right to comment on (including object to) the Settlement or opt out of the Settlement to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

6. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

**Notice to Attorneys General Pursuant to CAFA**

7. Pursuant to CAFA, within 10 days after the filing of the motion seeking preliminary approval of the Settlement, Toast served on the Acting Attorney General of the United States and the appropriate state officials of the states in which the Class Members reside a notice of the Settlement consisting of: a copy of the complaint; a notice of the scheduled judicial hearing; copies of the Settlement; and the proposed Notice. This Final Approval Order is being entered at least 90 days after the latest of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement.

8. The Court finds and determines that Toast's notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA.

**Certification Under Fed. R. Civ. P. 23 and the FLSA**

9. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Settlement Class, as defined in paragraph 5 of the Settlement and in Section II of its Preliminary Approval Order, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 (a) and (b)(3), and it is ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

10. The Court finds and determines that the action meets all of the legal requirements for certification as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), and it is ordered that the action is certified as a collective action for purposes of settlement of this action.

**Fairness**

11. Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and are ordered to be consummated, except as otherwise provided in this Order. The Court specifically finds that the Settlement is

rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class Members and Toast, under the supervision of an experienced and independent third-party mediator, after thorough factual and legal investigation.

12. The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement are fair and reasonable. The proposed plan of allocation bases each Class Member's recovery on (a) the number of workweeks each Class Member worked during each relevant period of time, and (b) the location where the overtime was worked. The plan of allocation is rational. The Court gives final approval to and orders that payment of those amounts be made to the claimants out of the Net Fund Value in accordance with the terms of the Settlement.

**Class Member Response**

13. The Court further finds that the response of the Class Members to the Settlement supports settlement approval. Of the 71 Class Members, no one opted out of the Settlement. No Class Members objected to the Settlement.

**Appointment of Class Representative; Class Representative Service Award**

14. The Court confirms as final the appointment of Dion Martin as Class Representative of the Rule 23 Class and the nationwide FLSA Collective under Section 16(b).

15. Neither Plaintiff nor his counsel provided the specific number of hours expended by Plaintiff in connection with this litigation. Plaintiff describes the amount of time as "substantial," but that provides no assistance to the Court. Although Plaintiff expressed concerns about the possibility that he would be required to pay Defendant's costs if the litigation were unsuccessful, the Court finds the likelihood that a settlement would not be reached, or that Defendant would actually

demand costs in the event it prevailed in the litigation to be nearly non-existent. Plaintiff also states that if he had to take a leave from work to attend a deposition or trial, or otherwise to represent the class, he would "run the risk" of losing his current job or suffering other negative consequences. The Court also finds that scenario to be very unlikely. In any event, neither of these circumstances actually occurred.

16. Class Counsel attest that Plaintiff Martin was "substantially" involved throughout the litigation, educating Class Counsel regarding Class Members' job duties and Toast's policies and procedures. That explanation also does not provide the Court with sufficient information. Nevertheless, the Court finds that Plaintiff likely spent at least 25 hours working on this case. (That is somewhat less than the average in the Court's experience, but this case was resolved more quickly than many and involved fewer class members than all or most of the cases over which the Court has presided.) The Court finds and determines that an award of $1,250 to Plaintiff for his services as Class Representative, in addition to his Individual Settlement Payment, is fair and reasonable.

**Appointment of Class Counsel; Attorneys' Fees And Costs**

17. Class counsel attest to performing substantial work on behalf of the Class Members, totaling $221,825. The Court confirms as final the appointment of the following law firms and attorneys as class counsel (Class Counsel) for the Rule 23 Class and FLSA Collective: C. Andrew Head of Head Law Firm, LLC, and Jason C. Marsili of Rosen Marsili Rapp LLP. The Court finds and determines that the payment of $158,500[1] in attorneys' fees and $16,000[2] in litigation costs and expenses, for a total payment of $174,500 to Class Counsel, is fair and reasonable and consistent with Ninth Circuit fee jurisprudence. This fee is 25% of the total

---

[1] The Court concludes that counsel's costs should be deducted from the Gross Settlement Fund before determining the 25% fee award.

[2] Although the Court questions some of the expenses documented by counsel, the total proper expenses exceed the $16,000 cap.

5

fund, which is consistent with the Ninth Circuit's 25% benchmark. Because Class Counsel request only 25% of the Gross Fund Value, the Court concludes no lodestar cross-check is necessary and the Court therefore need not opine on the reasonableness of the hourly rate or the time expended. The Court gives final approval to payment of $158,500 in fees and $16,000 in costs be made to Class Counsel out of the Gross Fund Value. Ninety percent of the fees and 100 % of the costs shall be paid in accordance with any agreement by the Parties. The remaining 10% of the fees shall be paid after the report described in the next paragraph is provided and Class Counsel submit a proposed order to that effect.

**Settlement Administrator**

18. On completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

19. The Court finds and determines that the payment of $20,000 to Rust Consulting for settlement expenses is fair and reasonable.

**Release**

20. By operation of the entry of this Final Approval Order and pursuant to the Settlement, all Qualified Claimants are permanently barred from prosecuting against Toast any Class Member Released Claim as set forth in paragraph 25 of the Settlement. The Court has reviewed the release in paragraph 25 of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23, the FLSA, and all other applicable law.

**Contingency on Finality**

21. If, for any reason, the Settlement ultimately does not become Final (as set forth by the "effective date" defined in the Settlement, paragraph 16.a.), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this

6

Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

**Final Judgment and Dismissal**

22. By means of this Final Approval Order, this Court enters final judgment in this action, as defined in Federal Rule of Procedure 58(a)(1).

23. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation, and enforcement of the Settlement and for the purposes described above. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Toast make the settlement payments in accordance with the terms of the Settlement.

24. The Parties are ordered to comply with the terms of the Settlement as modified by this Order.

25. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this Court's orders.

IT IS SO ORDERED.

DATED: July 9, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE